UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIYAN JALICE BAILEY,

          Plaintiff,

v.

KYLE ABDILLATIF, et al.,

          Defendants.

_____/

Case No. 2:26-cv-10097

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING CASE
IN PART AND DENYING MOTION TO APPOINT COUNSEL [6]**

Michigan prisoner Dariyan Jalice Bailey is confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan. ECF No. 1, PageID.2. She filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 that named Corrections Officers Kyle Abdillatif and Unknown Napier, the Michigan Department of Corrections (MDOC) Director Heidi Washington, and Warden Jeremy Howard. *Id.* at PageID.2–3.

Bailey's complaint alleged she was harassed and subject to assault and/or excessive force by two corrections officers and was not provided appropriate care afterward. *Id.* at PageID.4, 6–8. Specifically, Bailey alleged corrections officers—who had previously been inciting, intimidating, and taunting her—approached her, "body slammed [her] to the ground," dry stunned her five times, and cuffed her hands "so tightly that they cut into [her] wrists." *Id.* at PageID.7. Then, Bailey alleged, the male officers "half-dragged, half-carried" her while her clothes were out of place and

1

exposed her. *Id.* Finally, Bailey said she was dropped harshly, kicked, and left laying on the ground "severely injured" for ten to twenty minutes. *Id.*

Bailey sued the officials in their individual and official capacities. *Id.* at PageID.2–3. She requested monetary damages and sought to have the officers terminated from their jobs. *Id.* at PageID.8. The Court granted Bailey's request to proceed without prepaying the filing fee under 28 U.S.C. § 1915(a)(1). ECF No. 5. Bailey also moved to appoint counsel. ECF No. 6. For the following reasons, the Court will dismiss the complaint in part and deny the motion to appoint counsel.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, or employees that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But it must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a

demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required, but the bare assertion of legal conclusions is not enough. *Twombly*, 550 U.S. at 555. The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). As explained below, Plaintiff did not state a § 1983 claim against Defendant Washington or Defendant Howard, but her claims against Defendants Abdillatif and Napier survive screening.

I.    Washington and Howard

Bailey's complaint against Defendants Washington and Howard must be dismissed. A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based on a theory of respondeat superior or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Rather, a plaintiff must at least allege facts showing that the supervisor defendant "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor*, 412 F.3d at 643 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Other than identifying Washington and Howard as defendants, Bailey did not allege any facts explaining what they personally did or failed to do that resulted in a violation of her rights. Accordingly, her claims against them must be dismissed.

II.   Abdillatif and Napier

First, Bailey alleged that correctional officers Abdillatif and Napier verbally harassed and threatened her. Her allegations are insufficient to state a claim under § 1983. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-cv-P38, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."); *see also Miller v.*

4

*Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that a verbal threat of sexual assault did not amount to a constitutional violation); *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (verbal threats made in retaliation for filing grievances are not actionable). Accordingly, Bailey's claims for harassment and threats must be dismissed.

But Bailey also alleged that Abdillatif and Napier physically assaulted her, used excessive force, and denied her appropriate medical care after the incident. Construed liberally, those claims state claims for relief under § 1983. It is well-established that excessive force can be sufficiently serious to violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 5, 8–9 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Soo too can the denial of medical care. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198–99 (1989)). Those claims against Abdillatif and Napier thus survive the Court's initial screening and are not subject to dismissal at this time.

III.   <u>Motion to Appoint Counsel</u>

There is no constitutional right to counsel in a civil case, so the Court may determine whether to appoint counsel to a party. *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 917 (6th Cir. 2009). But it should only appoint counsel in "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). "When considering whether to appoint counsel, a court should consider the type of the case, the complexity of the issues, and the litigants' ability to represent themselves." *Garrison*, F. App'x at 917.

Bailey claimed that she is unable to afford counsel and that her ability to litigate properly is greatly impaired by her incarceration. ECF No. 6, PageID.45. She also explained that the issues in her case are complex and that she has limited access to the law library and limited legal knowledge. *Id.* But her experience is not an exceptional circumstance that requires appointing counsel at this time. *See, e.g., McGuire v. Brockwell*, No. 3:22-cv-217, 2026 WL 701555, at *1 (E.D. Tenn. Mar. 12, 2026) (denying motion to appoint counsel because "excessive force is a standard prisoner § 1983 claim" that is not legally complex and because the plaintiff's "allegations regarding his lack of education and legal knowledge are common for prisoner plaintiffs"). The Court will deny the motion to appoint counsel without prejudice. If circumstances change as the case progresses, the Court will consider renewed motions for the appointment of counsel.

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED IN PART** as described above.

**IT IS FURTHER ORDERED** that Defendants Washington and Howard are **DISMISSED** because there are no surviving claims against them.

**IT IS FURTHER ORDERED** that the motion to appoint counsel [6] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 12, 2026

6